IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **ALEX VEGA HERNANDEZ a/k/a** | : | |
| **MARCO ANTONIO VARGAS** | : | |
| **HERNANDEZ a/k/a ALEXAI VEGA** | : | |
| **HERNANDEZ a/k/a ESTEBAN** | : | |
| **DELEON BARRIOS,** | : | |
| | : | **Civil Action Number:** |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | |
| | : | |
| **MOSSY OAK LANDSCAPE GROUP,** | : | |
| **INC., and JEFFREY ALLEN** | : | |
| **CROUCH,** | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

Plaintiff, Alex Vega Hernandez, ("Plaintiff") by and through the undersigned counsel, brings this complaint against Defendants Mossy Oak Landscape Group, Inc.  (**"**Mossy Oak") and Jeffrey Allen Crouch ("Crouch"), and shows the Court as follows:

### INTRODUCTION

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.) (hereinafter "the FLSA") to (1) recover

overtime pay that was denied him and an additional amount as liquidated damages; and (2) for his costs of litigation, including his reasonable attorneys' fees.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Mossy Oak is located in this judicial district; and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Plaintiff resides within Gwinnett County, Georgia.

5.

Mossy Oak employed Plaintiff as a landscaper in and around Atlanta, Georgia from September 2005 until June 13, 2012.

6.

At all times material hereto, Plaintiff has been an "employee" of "Mossy Oak" as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

7.

From on or about August 15, 2009 until June 13, 2012, Plaintiff was "engaged in commerce" as an employee of Mossy Oak as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

8.

From on or about August 15, 2009 until June 13, 2012, Plaintiff  was engaged in the "production of goods for commerce" as an employee of Mossy Oak as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

9.

Mossy Oak is a corporation organized under the laws of the State of Georgia.

10.

At all times material hereto, Mossy Oak has been an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d).

11.

From on or about August 15, 2009 until June 13, 2012, Mossy Oak was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

12.

During 2009, Mossy Oak had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

13.

During 2010, Mossy Oak had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

14.

During 2011, Mossy Oak had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2012, Mossy Oak had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2009, Mossy Oak had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2010, Mossy Oak had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2011, Mossy Oak had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2012, Mossy Oak had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

20.

During 2009, Mossy Oak had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

21.

During 2010, Mossy Oak had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

22.

During 2011, Mossy Oak had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

23.

During 2012, Mossy Oak had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

24.

During 2009, Mossy Oak  had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of  29 U.S.C. § 203(s)(1)(A).

25.

During 2010, Mossy Oak had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26.

During 2011, Mossy Oak had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

During 2012, Mossy Oak had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

At all times material hereto, Mossy Oak has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

29.

Mossy Oak is subject to the personal jurisdiction of this Court.

30.

Mossy Oak may be served with process through its Registered Agent, Jeffrey Allen Crouch, 910 Providence Club Drive, Monroe, Georgia.

31.

Crouch resides within Walton County, Georgia.

32.

At all times material hereto, Crouch exercised operational control over the work activities of Plaintiff.

33.

At all times material hereto, Crouch was involved in the day to day operation of Mossy Oak in which Plaintiff worked.

34.

At all times material hereto, Mossy Oak vested Crouch with supervisory authority over Plaintiff.

35.

At all times material hereto, Crouch exercised supervisory authority over Plaintiff.

36.

At all times material hereto, Crouch scheduled Plaintiff's working hours or supervised the scheduling of Plaintiff's working hours.

37.

At all times material hereto, Crouch exercised authority and supervision over Plaintiff's compensation.

38.

At all times material hereto, Crouch has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

39.

Crouch is subject to the personal jurisdiction of this Court.

40.

During all times relevant, Crouch required Plaintiff to work under false names including Marco Antonio Vargas Hernandez, Esteban DeLeon Barrios, and Alexai Vega Hernandez.

41.

At all times material hereto and while an employee of Mossy Oak, Plaintiff was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

42.

At all times material hereto and while an employee of Mossy Oak, Plaintiff was not employed in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

43.

At all times material hereto and while an employee of Mossy Oak, Plaintiff was not employed in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

44.

At all times material hereto and while an employee of Mossy Oak, Plaintiff was not employed in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

45.

At all times material hereto and while an employee of Mossy Oak, Plaintiff was not employed in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

## COUNT I — FAILURE TO PAY OVERTME

46.

The allegations in all previous paragraphs above are incorporated by reference herein as if fully set out in this paragraph.

47.

At all times material hereto, Plaintiff has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

48.

During his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week.

49.

Defendants failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from August 15, 2009 through June 13, 2012.

50.

Defendants willfully failed to pay Plaintiff at one and one half times his regular rate for work in excess of forty (40) hours in any week from August 15, 2009 through June 13, 2012.

51.

Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

52.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

53.

As a result of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendants; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

/s/CHARLES R. BRIDGERS

3100 CENTENNIAL TOWER          CHARLES R. BRIDGERS
101 MARIETTA STREET            GA. BAR NO. 080791
ATLANTA, GEORGIA 30303
(404) 979-3171                 /s/ KEVIN D. FITZPATRICK, JR.
(404) 979-3170 (f)             KEVIN D. FITZPATRICK, JR.
kevin.fitzpatrick@dcbflegal.com   GA. BAR NO. 262375
charlesbridgers@dcbflegal.com
                               COUNSEL FOR PLAINTIFF