# SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter, "the Agreement or the Settlement Agreement") is made and entered into by and between **ALEX VEGA HERNANDEZ** for himself and his heirs, successors and assignees (hereinafter referred to as **"PLAINTIFF"**), and **MOSSY OAK LANDSCAPE GROUP, INC.** and **JEFFREY ALLEN CROUCH** (hereinafter referred to as **"DEFENDANTS"**).

## WITNESSETH:

WHEREAS, **PLAINTIFF** was employed by **DEFENDANTS**, and

WHEREAS, on August 22, 2012, **PLAINTIFF** instituted a civil action in the United States District Court for the Northern District of Georgia, Atlanta Division, styled <u>Alex Vega Hernandez v. Mossy Oak Landscape Group, Inc. and Jeffery Allen Crouch</u>, which was assigned Civil Action No. [1:12-cv-02913-CAP] (hereinafter "the Civil Action"); and

WHEREAS, **PLAINTIFF** asserts claims in the Civil Action for failure to pay overtime under the Fair Labor Standards Act ("FLSA"); and seeks damages for back pay, liquidated damages, attorney's fees, and

WHEREAS, the parties have mutually estimated that while employed by **DEFENDANTS**, **PLAINTIFF** worked 333.33 hours of overtime when his regular hourly rate was $9.00, for which he was paid $9.00 per hour, and

*AVH*

WHEREAS, the parties have agreed that the **DEFENDANTS** are liable to **PLAINTIFF** for the $4.50 for each overtime hour when his regular rate of pay was $9.00 (i.e., 1,500.00) and a like amount as liquidated damages, and

WHEREAS the parties have reached agreement on the terms of a settlement agreement;

NOW, THEREFORE, in exchange for good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, **DEFENDANTS** and **PLAINTIFF** agree as follows:

1.

**DEFENDANTS** will cause to be paid to **PLAINTIFF** and his attorneys the total sum of Six Thousand Dollars and no cents ($6,000.00) (the "Settlement Amount"). The Settlement Amount consists of the following: (1) Three Thousand Dollars and no cents ($3,000.00) for attorneys' fees and costs payable to Kevin D. Fitzpatrick, Jr., ("Amount Due to Attorney"), and (2) Three Thousand Dollars and no cents ($3,000.00) payable to Alex Vega Hernandez ("Amount Due to Plaintiff"). The Settlement Amount be due within ten (10) days of the Court's approval of this Agreement and shall be paid in three checks as follows:

*AVH*

(a) One check payable to "Kevin D. Fitzpatrick, Jr." in the amount of Three Thousand Dollars and No Cents ($3000.00), representing Plaintiff's attorney's fees and costs, reported on a Form 1099 to Kevin D. Fitzpatrick, Jr.;

(b) One check payable "Alex Vega Hernandez" in the amount of One Thousand Five Hundred Dollars and No Cents ($1500.00), less lawful withholdings, representing back pay, reported on a Form W-2; and

(c) One check payable "Alex Vega Hernandez" in the amount of One Thousand Five Hundred Dollars and No Cents ($1500.00), as liquidated damages for which a 1099 form will be issued;

The foregoing sums are inclusive of all attorneys' fees and legal costs and expenses, and are in full accord, satisfaction, and final compromise settlement of all disputed claims between the parties for monetary, legal and equitable relief, interest, attorneys' fees, and legal costs and expenses, including but not limited to those claims set forth and/or which could have been set forth in the Civil Action. Except as expressly provided for in this Paragraph, the parties shall bear their own costs with respect to the Civil Action, including attorneys' fees and costs and all out-of-pocket expenses.

*AVH* [initials]

2.

The **PLAINTIFF** shall promptly file a Motion for Approval of Settlement in the form attached to this Agreement as Exhibit A (hereinafter "Approval Motion"). Upon the Court's approval of this Settlement Agreement, and payment of all Payments due under Paragraph 1 above, **PLAINTIFF** will file the Stipulation of Dismissal with Prejudice attached hereto as Exhibit "B."

3.

In the event the Court denies the Approval Motion and the parties cannot thereafter secure Court approval of a mutually agreeable settlement agreement within forty-five (45) days of the Court's Order denying the Approval Motion, this Agreement is null and void.

4.

**PLAINTIFF** agrees to dismiss, with prejudice, the Civil Action and agrees that he will not attempt (or authorize an attempt) to re-initiate the claims set forth in the Civil Action, any claims which could have been set forth therein, or any claims which could have arisen therefrom, in any manner, as of the time this Agreement is executed. Upon the Court's approval of this Settlement Agreement, and payment of all amounts due

- 4 -

under Paragraph 1 above, **PLAINTIFF** will file the Stipulation of Dismissal with Prejudice attached hereto as Exhibit "B."

5.

**PLAINTIFF** knowingly and voluntarily releases and forever discharge the **DEFENDANTS** from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demand whatsoever in law or in equity, whether known or unknown which the **PLAINTIFF** ever had, now has or may or might in the future have against the **DEFENDANTS**, based on any acts, omissions, transactions or occurrences whatsoever from the date of the beginning of the world to the effective date of this Agreement.

6.

**PLAINTIFF** represents and warrants that Charles R. Bridgers and Kevin D. Fitzpatrick, Jr. of Delong, Caldwell, Bridgers and Fitzpatrick, LLC are, and have been, the sole attorneys for him with respect to the Civil Action, and all claims set forth therein; that no other attorney or law firm has any claim for legal fees, costs, and/or expenses relating to the Civil Action; and that the amounts paid by **DEFENDANTS** under the Agreement are intended to include all legal fees, costs, and/or expenses for which **DEFENDANTS** could be liable in connection with the Civil Action.

## WARRANTY

7.

PLAINTIFF represents and warrants that he alone is entitled to assert any claim he may have against DEFENDANTS of any kind or character arising out of, or as a consequence of, his employment with DEFENDANTS to date, including but not limited to, the matters which were alleged or could have been alleged in the Civil Action. PLAINTIFF further represents and warrants that he is fully authorized to enter into this Agreement. PLAINTIFF agree to indemnify and hold DEFENDANTS harmless from any claim by any other person who is determined to have the right or authority to assert any claim on his behalf against **MOSSY OAK LANDSCAPING GROUP, INC.** or **JEFFERY ALLEN CROUCH**, as described in this Paragraph, and further agrees to indemnify and hold DEFENDANTS harmless from any costs, expenses or damages sustained by reason of any such claim.

## ENTIRE AGREEMENT

8.

This Agreement constitutes the entire understanding of the parties hereto and supersedes any and all prior or contemporaneous representations or agreements, whether written or oral, between the parties.

## REMEDIES FOR BREACH

9.

In the event of a breach of any of the terms of the Agreement by **PLAINTIFF**, or **DEFENDANTS,** the prevailing party shall be entitled to all remedies or damages at law, and in addition thereto, shall be entitled to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing any rights hereunder. In the event of a breach by **DEFENDANTS**, the entire outstanding principal balance shall immediately become due and payable and **PLAINTIFF** may, without notice of delinquency to **DEFENDANTS,** initiate lawful efforts to collect the sums due under the Default Judgment. Interest shall accrue on the outstanding balance at the statutory rate.

## CONSTRUCTION

10.

This Agreement shall be governed by and construed in accordance with the law of Georgia, without regard to the conflicts of law rules of such State.

11.

Any provision of this Agreement may be amended or waived, but only if such amendment or waiver is in writing and signed, in the case of an

amendment, by all parties to this Agreement or, in the case of a waiver, by the party against whom the waiver is to be effective.

12.

No failure or delay by any party in exercising any right, power or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof of any right, power or privilege.

13.

Each provision of this Agreement shall be considered separable, distinct and severable from the other and remaining provisions, and any breach, invalidity or unenforceability of any provision shall not impair the operation, validity or enforceability of those provisions that are valid and, to the extent allowed by law, such invalid or otherwise unenforceable provision may be modified by a court of competent jurisdiction so as to render it enforceable.

## JURISDICTION AND VENUE

14.

Any proceeding to interpret or enforce the terms of this Agreement shall take place in a state court located in Fulton County, Georgia, or in the United States District Court for the Northern District of Georgia, Atlanta

Division, and **PLAINTIFFS** and **DEFENDANTS** consent and agree to the jurisdiction of such courts and the venue of such proceedings.

**IN WITNESS WHEREOF,** the undersigned have hereunto set their hand and seal this _11_ day of March, 2013.

_____
Alex Vega Hernandez

Sworn to and subscribed
before me this 11th day
of March, 2013.

_____
NOTARY PUBLIC
My Comm'n Expires:

_____
Mossy Oak Landscaping Group, Inc.
By: Jeffrey Crouch
Its: President

Sworn to and subscribed
before me this 12th day of
~~March~~, 2013
April

_Ammie L. Elliott_
NOTARY PUBLIC
My Comm'n Expires: 12-26-14

_____
Jeffrey Crouch

Sworn to and subscribed
before me this 12th day of
~~March~~, 2013
April

_Ammie L. Elliott_
NOTARY PUBLIC
My Comm'n Expires: 12-26-14